**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMELIA SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:13-cv-198- BAM<br><br>**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Amelia Suarez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Widow's Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe. The parties consented to the jurisdiction of the United States Magistrate Judge. For the reasons set forth below, Plaintiff's Social Security appeal shall be granted in part and denied in part; and this action shall be remanded to the Commissioner for further proceedings consistent with this opinion.

**FACTS AND PRIOR PROCEEDINGS**

On May 7, 2009, Plaintiff filed her current applications for widow's disability benefits and supplemental security income beginning February 5, 2005. AR 147-150[1] During the hearing, Plaintiff amended her applications to request a closed period of disability from February 9, 2005 to March 31, 2010. AR 29. Plaintiff's applications were denied initially and on reconsideration. AR 87-91. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Judson Scott conducted two video hearings on July 21, 2011, and September 21, 2011, respectively. ALJ Scott issued an order denying benefits on October 5, 2011. AR 22-42. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-3. This appeal followed.

**Hearing Testimony**

Plaintiff appeared with a Spanish interpreter and was represented by counsel at two hearings held in July and September 2011. AR 549-588, 589. Plaintiff testified at the first hearing and provided follow-up testimony through the interpreter at the second hearing for the benefit of the VE. AR 591, 634-635. Three experts also testified at the hearing: impartial psychological expert John Simonds, M.D.,[2] orthopedist Michael Gurvey, M.D., and impartial Vocational Expert ("VE") Lawrence Hughes. AR 552, 589.

Plaintiff was 49 years old during the application period. AR 40. While the majority of the hearing surrounded the medical testimony of the impartial experts, the ALJ briefly questioned Plaintiff about her impairments. AR 555-565. Plaintiff testified that she was in a car accident several years ago. After the accident, in 2005, Plaintiff underwent an MRI due to pain in her neck and shoulders. Plaintiff noted that the pain in her shoulders, legs, back, and arms prevent her from sleeping and lifting heavy things. AR 560. Plaintiff bathes herself and prepares simple meals, but she has trouble walking and needs to lie down frequently throughout the day. AR 558-559, 564.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[2] After the first administrative hearing, Plaintiff conceded that there are no "measurable psychiatric issues" during the closed period of disability. As a result, no psychiatric expert testified at the second hearing. AR 586.

Orthopedic reviewing physician, Michael Gurvey, M.D., reviewed the medical evidence and testified at length at both administrative hearings. AR 565-583, 594-634.  Dr. Gurvey identified six areas of Plaintiff's medically determinable impairments and he testified that none of those areas met or equaled a listing.  AR 566, 569.  Dr. Gurvey testified that Plaintiff had (1) minimal osteoarthritis in her right hand, (2) minimal degenerative disc disease of the cervical spine, (3) low back pain with no diagnosis, (4) uncertain "osteoarthritis" in multiple areas with no evidence of underlying arthritis, (5) exogenous obesity and related hypertension and diabetes mellitus, (6) right shoulder pain with impingement but no evidence of rotator cuff tear.  AR 567-569. Dr. Gurvey noted, in particular, the lack of any abnormal neurological findings of the cervical spine despite the diagnostic studies, and found that lack of correlation to be highly significant.  AR 575, 605. In light of the limited objective findings in the medical records, Dr. Gurvey disagreed with the examining physician's assessment that Plaintiff could perform only light work.  AR 531, 601.

Dr. Gurvey further testified that Plaintiff had the residual functional capacity to perform medium work with the following restrictions: lift and carry 25 pounds frequently and 50 pounds occasionally; sit, stand and walk for 6 hours in an 8 hour day; no climbing ladders, ropes or scaffolds; occasional overhead reaching with the right upper extremity; avoid industrial hazards, defined as unprotected heights and hazardous moving machinery; occasional crawling; and prophylactically avoid chronic hyperextension of the neck for more than 15 to 20 minutes. AR 631-632.

Thereafter, the ALJ elicited testimony of a vocational expert.  AR 635.  The VE testified that he had reviewed Exhibits 1 through 13-E and heard Plaintiff provide some clarification to her work history through an interpreter.  AR  634.  The ALJ asked the VE to consider an individual with "the same age, education, and experience as the claimant" as well as the same RFC.  AR 635-636. The VE testified that, given all of these factors, the individual would be able to perform the requirements of representative occupations such as: (1) vehicle cleaner (Dictionary of Occupational Titles (DOT)) No. 911.687-014, SPV 2, medium work, 348,000 jobs in the U.S. eroded by 50% to 175,000 jobs nationally and 10% of that in California; (2) laundry worker II (DOT No. 361.685-010, SVP 2, medium work, no erosion, 235,000 jobs in the U.S. and 10% of that in California); and (3)

housekeeping cleaner (DOT No. 2122.687-014, light work, SVP 2, 400,000 in the U.S. and 40,000 in California). AR 636-637.

**Medical Record**

The entire medical record was reviewed by the Court. AR 150-543. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 28-42. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity during the closed disability period of February 9, 2005–March 31, 2010. AR 31. Further, the ALJ identified exogenous obesity, cervical spine degenerative disc disease and disc extrusion at C4/C5 as severe impairments. AR 31. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 20.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except: (1) no climbing ladders, ropes, or scaffolds; (2) occasional crawling; (3) preclusion from chronic hyperextension of the neck, i.e. no more than 15-20 minutes at a time; (4) occasional right upper extremity overhead reaching or work; (5) avoid exposure to industrial hazards, i.e. work at unprotected heights or around hazardous moving machinery; (6) mental capacity for simple repetitive tasks to moderately complex and detailed work; (7) frequent contact with others; (8) up to moderately stressful work, defined as few changes in work or its setting and normal decision making; and (9) requires work in the Spanish language. AR 32.

The ALJ determined that, based on Plaintiff's age, education, work experience, and RFC, significant jobs exist in the national economy that Plaintiff could perform, including vehicle cleaner, laundry worker II, and a housekeeping cleaner. AR 41. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 42.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this

Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues that the ALJ erred in: (1) posing an incomplete hypothetical to the VE; (2) relying on VE testimony deviating from the DOT; and (3) improperly assessing the medical evidence.[3]

---

[3] The Court concludes that that ALJ erred in relying upon the VE's testimony at step five; therefore, the Court does not reach the remaining issue evaluating the medical evidence, and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

# DISCUSSION[4]

**A.    The ALJ Erred by Failing to Have the VE Address Plaintiff's Illiteracy**

Plaintiff alleges that the ALJ erred at Step Five when he found Plaintiff to be illiterate and require Spanish language work, but failed to have the VE explain this deviation from the DOT. (Doc. 17 at 13). Plaintiff contends that this was error by the ALJ that requires reversal. Defendant counters that the VE's testimony was consistent with the DOT.

During the administrative hearing, Plaintiff testified with the aid of a Spanish language interpreter. AR 551. There was a discrepancy regarding Plaintiff's level of education, but the ALJ stated that Plaintiff testified that she has a fourth grade education and speaks Spanish exclusively. AR 551. In making Plaintiff's disability determination, the ALJ made a finding that Plaintiff "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." AR 41. The ALJ also found that Plaintiff "requires work in the Spanish language" AR 32.

In the hypothetical question posed to the vocational expert, the ALJ posited:

> I'd like you to assume a hypothetical who has the same age, education, and experience as the claimant, Ms. Suarez. This hypothetical individual has the capacity to work at the medium exertional level including lifting and carrying up to 25 pounds frequently and up to 50 pounds occasionally. They have the ability to sit, stand, and walk each for six out of eight hours. For postural's there are no ladders, ropes, and scaffolds permitted. The individual does have the capacity to occasionally crawl. And with respect to use of the neck there should be a preclusion of chronic hyperextension of the neck. Meaning a duration of hyperextension which would exceed 15 to 20 minutes at a single time. There would be occasional right upper extremity overhead reaching and work. Or work, rather. Manipulation, there are no restrictions. This hypothetical individual should avoid exposure to industrial hazards defined as work at unprotected heights or around hazardous machinery. And from a mental perspective this hypothetical person would have the capacity to perform the range of work from simple, repetitive to moderately complex and detailed work. Contact with other individuals is frequent. And the individual should have moderately up to moderately stressful work but not exceeding that, defined as few changes in the work or its setting and normal decision making. Now with that residual functional capacity is this hypothetical person able to perform any work in the employment market? AR 635-636

The vocational expert testified that such an individual could perform the jobs of vehicle cleaner, laundry worker II, and housekeeping cleaner. AR 637. Accordingly, the ALJ found that Plaintiff was not disabled.

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

Plaintiff challenges the ALJ's finding by noting that the ALJ never asked the VE to consider Plaintiff's illiteracy or the requirement of Spanish language work. According to Plaintiff, all of the jobs identified by the VE require a language level of 1. 1 Dictionary of Occupational Titles 245, 246 (4th Ed. 1991); 2 Dictionary of Occupational Titles 936 (4th Ed. 1991). This is the lowest language development contemplated by the DOT. 2 Dictionary of Occupational Titles, App. C—Components of the Definition Trailer, *see also Donahue v. Barnhart*, 279 F.3d 441, 445 (7th Cir. 2002) ("basic literacy [defined as a vocabulary of 2,500 words, the ability to read about 100 words a minute, and the ability to print simple sentences] is essential for every job in the economy") (emphasis in original). Defendant responds that the VE was aware that Plaintiff did not speak English and clearly took that into account when testifying. (Doc 21 at 15). Defendant further argues that Plaintiff's counsel was provided the opportunity to cross examine the VE and she failed to raise any issues with regard to the consistency of the VE's testimony during the hearing. (Doc. 21 at 15).

The Ninth Circuit addressed a similar case in *Pinto v. Massanari*, 249 F.3d 840, 843 (9th Cir. 2001). In *Pinto*, the ALJ found that the claimant was able to perform her past job duties which required a Language Level 2, although she was illiterate in English, and neither the ALJ nor VE explained how her inability to communicate in English would impact her ability to find and perform a similar job. *Id.* at 847. Specifically, the vocational expert testified in *Pinto* that the claimant, who was illiterate in English, could perform her past relevant work as a hand packager, which requires Language Level 1, as it was generally performed in the national economy. *Id.* The Ninth Circuit found that the ALJ "although noting Pinto's limitation in both his findings of fact and hypothetical to the vocational expert, failed to explain how this limitation related to his finding that Pinto could perform her past relevant work as generally performed." *Id.* at 847. Because the ALJ appeared to have relied on a job description in the DOT that failed to comport with Pinto's noted limitations without definitively explaining the deviation, reversal was required. *Id.*

For the same reasons, reversal is required here. Although the ALJ took into account Plaintiff's English-language illiteracy in the RFC finding, the ALJ failed to communicate this limitation in the hypothetical question asked to the vocational expert. Further, the jobs cited by the vocational expert and relied upon by the ALJ, require at least Language Level 1 proficiency, and deviated from

Plaintiff's noted language limitations without persuasive evidence to support the deviation. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Accordingly, remand for additional proceedings is required. *Pinto*, 249 F.3d at 843; *see also Mora v. Astrue*, 2008 U.S. Dist. LEXIS 97266, 2008 WL 4076450 at *3-4 (C.D. Cal., Dec. 1, 2008)(remanding for further proceedings when ALJ failed to explain finding that plaintiff could perform job with Language Level 1 requirement when she was illiterate in English); *Coria v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 173711 (E.D. Cal. Dec. 16, 2014) (remanding for further proceedings when the ALJ nor VE explained how claimant's inability to communicate in English would impact her ability to find and perform work).

To the extent that Defendant argues that Plaintiff's "work history report" is evidence that Plaintiff could work despite her language limitations, the Court agrees that there may be some cases in which the claimant's prior work experience may provide persuasive evidence to support a finding that her language ability is consistent with the stated requirement for the jobs identified. However, that is not the case here. The ALJ stated that as a widow claimant, Plaintiff does "not have past relevant work." AR 41. Further, the issue here is how Plaintiff's language ability will affect her ability to find and perform work. The ALJ failed to address how Plaintiff's inability to speak English will impact her ability to work in any of the jobs identified by the VE. For these reasons, substantial evidence does not support the ALJ's determination that Plaintiff's illiteracy will allow her to perform jobs that exist in significant numbers in the national economy. Accordingly, the ALJ's finding at Step Five is not supported by substantial evidence and this action shall be remanded for the ALJ to further develop the record in this regard.

**B.     The ALJ Properly Considered Plaintiff's Reaching Ability**

Plaintiff also contends that the ALJ erred at Step Five because the jobs identified by the VE require frequent reaching and handling and Plaintiff is limited to occasional overhead reaching with her right upper extremity. (Doc. 17 at 14). Defendant responds that the requirements of the jobs identified do not conflict with Plaintiff's reaching limitations. (Doc. 21 at 15).

The ALJ called a vocational expert to testify about the existence of work activity. AR 634-653. Based on that testimony, the ALJ determined that Plaintiff can perform alternative work activity as a vehicle cleaner, laundry worker II, and housekeeping cleaner, DOT codes 911.687-014, 361.685-018,

323.687-014. AR 41 ¶ 11. The DOT describes that all of those positions require frequent reaching and handling. DOT codes 911.687-014, 361.685-018, 323.687-014. Plaintiff argues this is in conflict with Plaintiff's residual functional capacity because she can only perform occasional overhead reaching with the right upper extremity.

However, Plaintiff's attempt to extrapolate her limitation of occasional right upper extremity overhead reaching to the general "reaching" category identified in the DOT is unsupported. As expressed in the hypothetical presented to the VE, Plaintiff's reaching limitation applied solely to overhead reaching on the right side, but she had no other reaching limitations. Further, Courts find that a VE's testimony that a claimant who has limited use of one arm can perform work requiring frequent reaching does not conflict with the DOT. *See Sims v. Colvin*, No. 13-cv-01755-LHK, 2014 U.S. Dist. LEXIS 92756, 2014 WL 3362286, at *7 (N.D. Cal. July 7, 2014) (collecting cases). There is substantial evidence in the record that Plaintiff is able to reach with both hands; Plaintiff stated that she is able to brush her teeth, take showers, dress herself, and prepare simple meals. AR 558-559. Likewise, the ALJ found that Plaintiff is only limited to occasional reaching overhead with her right upper extremity. Accordingly, the VE's testimony did not conflict with the DOT in regards to Plaintiff's reaching limitations and the ALJ's finding that jobs exist in significant numbers in the national economy that Plaintiff can perform despite her physical limitations is supported by substantial evidence.

**C.  Remand is Warranted**

As a general rule, remand is warranted where additional administrative proceedings could remedy the defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this case, remand is appropriate for renewed consideration of the impact of Plaintiff's lack of English fluency on her ability to do work.

Further, although issue one warrants reversal of the ALJ's decision, Plaintiff's entitlement to benefits is not clear from the existing record. *See Strauss v. Commissioner of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (reversal for award of benefits is appropriate only where the record demonstrates claimant is disabled within the meaning of the Social Security Act). Accordingly, because there remain outstanding issues to be resolved, remand for further proceedings is appropriate.

The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

### CONCLUSION

Based on the foregoing, the ALJ did not err by finding that jobs exist in significant numbers in the national economy that Plaintiff can perform due to her physical limitations, however, the ALJ did err by failing to address how Plaintiff's illiteracy will affect her ability to find and perform jobs that exist in significant numbers in the national economy.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's appeal from the decision of the Commissioner of Social Security is GRANTED IN PART AND DENIED IN PART;
2. The Court REMANDS this action back to the Commissioner for further administrative proceedings consistent with this opinion; and
3. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **January 23, 2015**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE